PHILLIP A. TALBERT
Acting United States Attorney
SHELLEY D. WEGER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOSEPH TAYLOR,<br><br>Defendant. | CASE NO. 2:19-CR-00173 WBS<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; FINDINGS AND ORDER<br><br>DATE: March 8, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

## **BACKGROUND**

On October 3, 2019, a grand jury indicted the defendant, MICHAEL TAYLOR, on one count of failure to resigter (18 U.S.C. § 2250(a)).  The defendant made his initial appearance and was arraigned on January 30, 2020.  ECF 5.  On December 10, 2020, Taylor and the government ("the parties") entered into a plea agreement wherein, among other things, he agreed to plead guilty to the sole count in the indictment.  ECF 36.  On December 14, 2020, the defendant pleaded guilty to one count of conspiracy to commit bank fraud.  ECF 36.  This matter is now set for sentencing on March 8, 2021.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

1  case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23
2  § 15002(b)(2).
3      On March 29, 2020, the Judicial Conference of the United States made the findings required by
4  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the
5  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the
6  Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the
7  functioning of the federal courts generally."
8      On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings
9  required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure
10 and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted
11 in person without seriously jeopardizing public health and safety."
12     In order to authorize sentencing hearings by remote means, however, the CARES Act—as
13 implemented by General Order 620—also requires district courts in individual cases to "find, for
14 specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without
15 serious harm to the interests of justice."  General Order 620 further requires that the defendant consent
16 to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless
17 "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by
18 teleconference.
19     The parties hereby stipulate and agree that each of the requirements of the CARES Act and
20 General Order 620 have been satisfied in this case.  They request that the Court enter an order making
21 the specific findings required by the CARES Act and General Order 620.  Specifically, for the reasons
22 further set forth below, the parties agree that:
23     1)    The sentencing hearing in this case cannot be further delayed without serious harm to the
24 interest of justice and given the public health restrictions on physical contact; and
25     2)    The defendant waives his physical presence at the hearing and consents to remote hearing
26 by videoconferenceand counsel joins in that waiver.

## STIPULATION

28     Plaintiff United States of America, by and through its counsel of record, and defendant, by and

STIPULATION REGARDING HEARING      2

through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact and vaccines have not been widely distributed to the general population.

4. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

5. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

1  guidance regarding gatherings of individuals.

2      7.     On April 17, 2020, General Order 617 issued, continuing court closures through June 1,
3  2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

4      8.     On May 13, 2020, General Order 618 issued, continuing court closures until further
5  notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

6      9.     General Order Nos. 613, 614, 615, 616, 620, 621, 624 have also issued and made findings
7  and implementing temporary emergency procedures in response to the COVID–19 crisis, and these
8  General Orders either remain in effect or have been superseded by a subsequent General Order
9  extending their provisions, with General Order 624 having expired on December 29, 2020. On January
10 4, 2021, General Order 628 issued, authorizing further continuances of hearings and exclusions under
11 the Speedy Trial Act for another 90 days unless terminated earlier.

12     10.    The sentencing hearing in this case accordingly cannot be further delayed without serious
13 harm to the interests of justice.  Defendant Michael Taylor has an interest in resolving this case by
14 proceeding to the Judgment and Sentencing hearing via video-teleconference.  In light of the ongoing
15 coronavirus pandemic, were this Court to delay the hearing until a time when the proceeding may be
16 held in person, Mr. Taylor's interest in timely resolving his case would be thwarted.  Additionally, such
17 delay would result in Mr. Taylor's ongoing custody at the Sacramento County Jail, where he has been
18 incarcerated for approximately 13 months pretrial, rather than a federal prison facility.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

STIPULATION REGARDING HEARING                   4

11. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

IT IS SO STIPULATED.

Dated: March 2, 2021                              PHILLIP A. TALBERT
                                                  Acting United States Attorney

                                                  /s/ SHELLEY D. WEGER
                                                  SHELLEY D. WEGER
                                                  Assistant U.S. Attorney


Dated: March 2, 2021                              /s/ HANNAH LABAREE
                                                  HANNAH LABAREE
                                                  Counsel for Defendant
                                                  Michael Joseph Taylor

## FINDINGS AND ORDER

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice; and

    b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 628, the sentencing hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED.

Dated: March 3, 2021

                                                  WILLIAM B. SHUBB
                                                  UNITED STATES DISTRICT JUDGE